IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES KONOW, individually and on behalf of all others similarly situated, | ) ) ) ) Case No. _____ ) ) Removal from the Circuit Court of Cook ) County, Illinois ) ) Case No.: 2022CH11849 ) ) |
| Plaintiff, | |
| v. | |
| BRINK'S, INCORPORATED, | |
| Defendant. | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Brink's, Incorporated ("Brink's" or "defendant") removes to the United States District Court for the Northern District of Illinois, the civil action pending against it in the Circuit Court of Cook County, Illinois. In support of removal, Brink's states as follows:

1. Plaintiff Charles Konow ("plaintiff") filed a one-count Biometric Information Privacy Act ("Privacy Act" or "BIPA") putative Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois on December 7, 2022, entitled *Charles Konow, individually and on behalf of all others similarly situated v. Brink's, Incorporated*, Case No. 2022 CH 11849 (the "State Court Action").

2. Under 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A**.

3. Removal is proper because this Court has original jurisdiction over this matter pursuant to traditional diversity jurisdiction, 28 U.S.C. §1332(a), and the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d).

4. This Notice of Removal is filed within 30 days of January 9, 2023, the date that the parties agreed that Brink's would accept service and is accordingly timely. *See* Exhibit A; 28 U.S.C. §1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

### VENUE IS PROPER

5. The Circuit Court of Cook County, Illinois, is located within the United States District Court for the Northern District of Illinois. 28 U.S.C. §93(c). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### ALL REQUIREMENTS FOR TRADITIONAL DIVERSITY JURISDICTION ARE MET

6. Pursuant to 28 U.S.C. §1332(a), this is a civil action over which this Court has original jurisdiction and therefore may be properly removed to this Court because there is complete diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**<u>Complete Diversity Exists Among The Parties</u>**

7. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. §1332(a)(1). In the class action context, courts look only to the citizenship of the named parties. *See F & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Engineering Co.*, 882 F.2d 281, 284 (7th Cir. 1989) ("only the citizenship of the named plaintiffs matters for diversity purposes" in class action context).

8. The Complaint alleges plaintiff is a "resident of Cook County, Illinois." (Exhibit A, Compl. at ¶15.)

9. The Complaint next alleges that Brink's is a Delaware company with its principal office in Dallas, Texas. (*Id.* at ¶16.) Brink's is a Delaware corporation, headquartered in Richmond, Virginia with its principal places of business in Virginia and Texas. The majority of its U.S. operations are directed, controlled and managed out of its offices in Texas, while its international operations are directed, controlled and managed out of its offices in Virginia. (Declaration of G. Robinson Hess IV ("Hess Declaration") at ¶¶3-4, attached as **Exhibit B**.) Brink's is, therefore, a citizen of Delaware, Virginia and Texas. *See Lincoln Property Co. v. Roch*, 546 U.S. 81, 89 (2005) ("Congress has provided simply and only that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center").

10. Because plaintiff is diverse from defendant, complete diversity exists in this action.

### *The Amount In Controversy Exceeds $75,000.00*

11. While the Complaint does not affirmatively specify the amount of damages sought, the matter in controversy requirement is satisfied because it appears that plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. §1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

12. Plaintiff seeks $5,000 in statutory damages for each intentional and/or reckless violation of BIPA. (Compl. at Prayer for Relief (A).) The Complaint alleges that plaintiff was a driver for Brink's and drove an armored truck with a Dashcam device by SmartDrive Systems, Inc. ("SmartDrive") to monitor driver performance and safety. The Complaint further alleges the Dashcam device allegedly scanned plaintiff's "facial geometry" "between December 2017 and the present." (*Id.* at ¶¶1-4, 9, 23.) If plaintiff's facial geometry was scanned 16 times over that period while driving a Brink's armored vehicle with a Dashcam device, plaintiff's claimed damages would exceed $75,000. (16 scans x $5,000 per scan = $80,000).

13. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (*Id.* at Prayer for Relief (B)-(D)). *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'"). Accordingly, plaintiff's request for attorneys' fees increases the matter in controversy further beyond the $75,000 threshold.

14. To be clear, Brink's does not agree that plaintiff or the putative class is entitled to a "per scan" measure of damages (or any damages) under the Privacy Act. Brink's continues to deny the validity and merit of plaintiff's Privacy Act claims. But for purposes of setting forth grounds for this Court's jurisdiction, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). For removal purposes,

the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Id.* (emphasis in original).

### ALL REQUIREMENTS FOR CAFA JURISDICTION ARE MET

15. Removal is also proper because this Court has original jurisdiction over this matter pursuant to CAFA, 28 U.S.C. §1332(d). CAFA grants district courts original jurisdiction over any putative class action in which (1) there is minimal diversity among the parties; (2) there are at least 100 putative class members in the aggregate; (3) the matter in controversy exceeds $5,000,000, excluding interest and costs. *Id.* These requirements are all met.

16. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

17. Here, the Complaint alleges a Biometric Information Privacy Act ("BIPA" or "Privacy Act") class action on behalf of a putative class of "Illinois residents who had their facial geometry scanned, captured, collected, or otherwise obtained by Defendant in Illinois between December 2017 and the present ('the Class')." (Compl. at ¶23.) Accordingly, this action is properly considered a "class action" under CAFA.

18. CAFA's minimal diversity requirement is met. "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). Plaintiff is a citizen of Illinois, and Brink's is a citizen of Delaware, Virginia and Texas. (Compl. at ¶15.) (Hess Declaration at ¶¶3-4.)

19. The "matter in controversy" aggregated across the claims of the purported class members also satisfies CAFA. 28 U.S.C. §1332(d)(6). It must "exceed[] the sum or value of

5

$5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). The Complaint does not specify a damages figure or plead any amount sought. It seeks statutory damages of $5,000 for each intentional and/or reckless violation of the Privacy Act or $1,000 for each negligent violation. (Compl., Prayer for Relief (A).)

20. Brink's employed at least 100 drivers in the State of Illinois during the period identified in the Complaint. (Hess Declaration at ¶5.) The purported damages exceed $5,000,000 aggregated across the class if assume 100 drivers had their facial geometry scanned 11 times when they drove a Brink's armored vehicle with a Dashcam device. (100 drivers x 11 scans x $5,000 per scan = $5,500,000). Thus, for purposes of setting forth grounds for the Court's jurisdiction under CAFA, the "matter in controversy" requirement aggregated across the putative class plausibly exceeds $5,000,000. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (removing party need only plausibly explain how the amount in controversy exceeds $5,000,000 to establish federal jurisdiction under CAFA).

21. Plaintiff's request for attorneys' fees and injunctive relief further increases the matter in controversy beyond the $5,000,000 threshold. (Compl., Prayer for Relief (B-D).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

22. Brink's denies the validity and merit of plaintiff's Privacy Act claim. But, for purposes of setting forth grounds for this Court's jurisdiction, the matter in controversy is satisfied under 28 U.S.C. §1332(d)(6). For removal purposes, the question is not "what damages the

6

plaintiff will recover, but only how much is *in controversy* between the parties." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

23. Under CAFA, Brink's need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

### RESERVATION OF RIGHTS

24. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by defendant of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

25. Under 28 U.S.C. §1446(d), Brink's will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Cook County, Illinois.

**WHEREFORE**, defendant Brink's, Incorporated respectfully requests that this litigation be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: February 7, 2023            Respectfully submitted,

           By: /s/ Anne E. Larson
                 One of the Attorneys for Defendant
                 Brink's, Incorporated

Anne E. Larson (ARDC No. 6200481)
Taylor M. May (ARDC No. 6333036)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*anne.larson@ogletree.com*
*taylor.may@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 7, 2023, she filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via electronic mail:

>David Fish
>Mara Baltabols
>**FISH POTTER BOLAÑOS, P.C.**
>200 East 5th Avenue, Suite 123
>Naperville, IL 60563
>Tel: 630.355.7590
>*dfish@fishlawfirm.com*
>*mara@fishlawfirm.com*
>
>Douglas M. Werman
>Bernard K. Schott
>**WERMAN SALAS, P.C.**
>77 W. Washington St. Suite 1402
>Chicago, IL 60602
>Tel: 312.419.1008
>*dwerman@flsalaw.com*
>*bschott@flsalaw.com*
>
>*Attorneys for Plaintiff*

/s/ Anne E. Larson
One of the Attorneys for Defendant
Brink's, Incorporated